O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2601-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 6, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Appellant-Debtor Georges Marciano appeals from an order of the bankruptcy court allowing Bankruptcy Trustee David K. Gottlieb ("the Trustee") to take control of two Canadian entities.[1] The bankruptcy court correctly concluded that these entities were property of the estate, and Marciano has failed to show any error in the bankruptcy court's order. Accordingly, this Court AFFIRMS the order of the bankruptcy court.

**I.    BACKGROUND**

Because the parties are well aware of the factual background of this case, the Court will therefore recite only the particular facts of relevance to this appeal.

   A.    The Bankruptcy Court's Order

At the heart of this appeal are several very valuable pieces of improved Canadian real estate ("the Canadian Real Properties"). The ownership structure of these properties is complex. It is beyond dispute that, as of 2006 or 2007, the now-revoked Georges Marciano Trust was the sole owner of Chloe Canada, Inc. ("Chloe Canada"), a Delaware corporation. Two of Chloe Canada's wholly owned subsidiaries, Chloe M ULC and 1305066 Alberta ULC (collectively, "the ULCs"), acquired the Canadian Real Properties

---

[1] Dkt. 21. The Court also GRANTS Marciano's Request for Judicial Notice and Motion to Augment Record (Dkt. 24).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2601-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 6, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

before the commencement of the bankruptcy case.

After the bankruptcy court authorized the Bankruptcy Trustee ("the Trustee") to revoke the Georges Marciano Trust, the Trustee sought that court's permission to exercise control of the ULCs. In particular, the Trustee suspected that the ULCs had fraudulently transferred control of the ULCs to entities controlled by the CKSM Family Trust ("CKSM"), of which Marciano is a beneficiary. In that motion, the Trustee sought approval to take steps to recapture those assets, including by voiding the purportedly fraudulent transfers.

In response, Marciano protested that the ULCs were not property of the estate because the Georges Marciano Trust had transferred ownership of Chloe Canada, the ULC's parent company, to CKSM before the start of the bankruptcy case. After full briefing and a hearing, the bankruptcy court found that "Chloe Canada at all relevant times was, and is owned" by the by then-revoked Georges Marciano Trust. ER at 1458. Accordingly, the court ruled that Chloe Canada was an asset of the estate and that the Trustee had the power to exercise control over its subsidiaries, the two ULCs. The bankruptcy court's order specifically authorized the Trustee to have the ULCs file for bankruptcy, pursue fraudulent transfer actions on their behalf in Canadian courts, and take any other necessary steps to protect or recapture their assets. At the Trustee's request, the court's order also indemnified the Trustee and his agents for these activities, except in cases of intentional misconduct or gross negligence.

B.     The Canadian Proceedings

Ongoing litigation in Canadian courts is also relevant to this appeal. Marciano has resided in Montreal, Québec since August 2009, a few months before the involuntary bankruptcy petition was filed on October 27, 2009. After the Trustee was appointed, he took immediate measures in Canadian courts to gain control of Marciano's assets. Upon the Trustee's *ex parte* motion, Justice Chantal Corriveau of the Superior Court of Québec appointed a receiver over Marciano's assets in Canada and issued warrants for the seizure of much of his property. Justice Corriveau's order not only applied to assets held in Marciano's name, but also extended to assets held by entities that she determined were indirectly controlled by Marciano, including the ULCs and the Canadian Real Properties.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2601-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 6, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

After some of Marciano's property was seized pursuant to Justice Corriveau's order, CKSM and related entities moved to reverse the receivership order and quash the warrants. Justice Mark Schrager, also of the Superior Court of Québec, granted Marciano's motion, concluding that the Trustee had omitted material facts in his *ex parte* motion before Justice Corriveau. Justice Schrager also concluded that the state court judgments giving rise to Marciano's insolvency were not cognizable in Canada because they were on appeal and they were contrary to Canadian public policy. Further, Justice Schrager concluded that there was insufficient evidence of Marciano's ownership and control of the Canadian Real Properties, which he determined were transferred by the ULCs just after the entry of the state court judgments that rendered Marciano insolvent.

The parties have not filed any materials in this appeal to update this Court on the status of the Canadian litigation. But in a related appeal, the Trustee requested that the Court take judicial notice of a recent decision of the Québec Court of Appeal reversing Justice Schrager's previous order. *In re Marciano*, CV 12-7412, Request of Appellee for Judicial Notice in Connection with Appellee's Opening Brief (Dkt. 28). The Québec Court of Appeal's ruling reauthorized the receivership and reissued the warrants in substantial part. *Id*. It appears that Marciano has sought further review of the Court of Appeal's order. *In re Marciano*, CV 12-7412, Request for Judicial Notice of Motion Pending Before Canadian Court of Appeal (Dkt. 30).

## II.  STANDARD OF REVIEW

The Court reviews the bankruptcy court's findings of fact for clear error. *In re Palmdale Hills Property, LLC*, 457 B.R. 29, 40 (9th Cir. BAP 2011); *In re PW, LLC,* 391 B.R. 25, 32 (9th Cir. BAP 2008). For a finding to be clearly erroneous, it must be illogical, implausible, or without support in the record. *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc). A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Reynoso*, 315 B.R. 544, 549 (9th Cir. BAP 2004).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2601-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 6, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

## III. ANALYSIS

### A. <u>Marciano Has Standing to Bring This Appeal</u>

The Trustee argues that Marciano lacks standing because the bankruptcy court's order actually benefits him because it enlarges the size of the estate. However, the Trustee acknowledges that there is a possibility that the actions authorized by the bankruptcy court's order could cause liabilities for the estate (in addition to costs of further Canadian litigation). Accordingly, Marciano has standing to object to the bankruptcy court's order. *In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983) (individuals "who are directly and adversely affected pecuniarily" have standing to appeal a bankruptcy court's order).

### B. <u>The Bankruptcy Court Did Not Commit Clear Error in Concluding that Chloe Canada Was Property of the Estate</u>

It is undisputed that one hundred percent of the stock in Chloe Canada was issued to the Georges Marciano Trust in 2006 or 2007. Because the bankruptcy court has ruled that the now-revoked Marciano Trust is an asset of the estate–a ruling that this Court previously affirmed–Chloe Canada is also an asset of the estate unless it was transferred before October 27, 2009, the date the involuntary bankruptcy petition against Marciano was filed.

Marciano has not pointed to any evidence demonstrating that a transfer of ownership was actually made, not to speak of when such a transfer may have been effectuated. The contradictory schedules of assets that he filed in bankruptcy court are of no help. In November 2011, he filed a schedule listing Chloe Canada as an asset. In a schedule filed in December 2011, however, he did not list Chloe Canada and stated that it had been transferred "to the best of his recollection" before October 27, 2009. The December schedule, however, did not include the supposed transfer in the required list of all transfers of property during the two years preceding the bankruptcy case. Furthermore, an accountant who Marciano retained to prepare his tax returns for 2008 and 2009 testified that he had seen no evidence of a transfer. Accordingly, there was a sufficient basis for the bankruptcy court to conclude that Chloe Canada was an asset of Marciano's estate. In light of this factual conclusion, the bankruptcy court acted well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2601-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 6, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

within the scope of its authority to authorize the Trustee to pursue litigation on behalf of Chloe Canada's wholly owned subsidiaries, the ULCs.[2]

    C.    <u>The Canadian Court's Rulings Did Not Render the Bankruptcy Court's Order Improper</u>

Marciano argues that the bankruptcy court should have denied the Trustee's motion based on deference to the ruling of Québec Superior Court Justice Schrager under the doctrines of *res judicata*, collateral estoppel, and/or international comity. Marciano's basic contention is that Justice Schrager's ruling precludes further litigation over whether the transfer of the Canadian real properties by the ULCs to CKSM was fraudulent. The Trustee points out that Justice Schrager's order explicitly avoids reaching that issue. Moreover, as noted above, Justice Schrager's order has since been reversed by the Québec Court of Appeal. Marciano has not explained how this argument remains viable in light of that reversal. Thus, the Court rejects this argument.

    D.    <u>Marciano Has Not Shown Error in the Bankruptcy Court's Indemnification of the Trustee</u>

As the Trustee points out, a bankruptcy trustee is entitled to "broad immunity from suit" when pursuing a course of action that has been authorized by the bankruptcy court. *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009). The Trustee argues that the indemnification clause in the bankruptcy court's order is necessary to ensure that he is protected by the same immunity in Canada. Marciano does not respond to this

---

[2] The Court also rejects Marciano's frivolous argument that the bankruptcy court erred in determining that Chloe Canada was an estate asset because CKSM had not been joined as a party. There is essentially no evidence that CKSM ever owned Chloe Canada, and Marciano's unsupported allegation that he transferred ownership of Chloe Canada to CKSM does not necessitate a full-blown adversary proceeding. Marciano fails to cite even one case in support of his argument on this point.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2601-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | December 6, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

straightforward argument in any cogent fashion.[3]  Thus, he has failed to show any error in the indemnification order.

## IV.  CONCLUSION

In short, Marciano has not raised any valid argument in this appeal.  The order of the bankruptcy court is AFFIRMED.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                                   :

                              Initials of
                              Preparer                    SMO

`cc: USBC`

---

[3] On this point, the only case he cites in his reply brief deals with absolute immunity of a prosecutor who provides legal advice to police.